IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| W. H. WALL FAMILY HOLDINGS, LLLP,<br><br>Plaintiff,<br><br>v.<br><br>BIOTRONIK AG,<br><br>Defendant. | Jury Trial Demanded<br><br>Civil Action No. 6:21-cv-00019-ADA |

**JOINT MOTION FOR
ENTRY OF SCHEDULING ORDER**

Pursuant to the Court's Standing Order Governing Proceedings (OGP) 4.0—Patent Cases, dated March 7, 2022 , Plaintiff W. H. Wall Family Holdings, LLLP ("WFH") and Defendant Biotronik AG hereby submit their Joint Motion for Entry of Scheduling Order. The parties have set forth their competing positions on the schedule in this case below.  In addition, the parties have attached each of their respective proposed scheduling orders hereto.  WFH's proposed Scheduling Order is attached hereto as **Exhibit A** and Biotronik AG's proposed Scheduling Order is attached hereto as **Exhibit B**.

I. **PRELIMINARY STATEMENT**

**Plaintiff W.H. Wall Family Holdings, LLLP's position:**

Plaintiff W.H. Wall Family Holdings, LLLP ("WFH") has set forth a schedule that incorporates this Court's deadlines as set forth in its Standing Order Governing Proceedings— Patent, (Dkt. #32).  There is no reason to delay this case until after the Court rules upon Defendant's jurisdictional and venue motions.  Even if Defendant is successful in having these claims heard in Georgia against its distributor affiliate—who it is undisputed could have filed its declaratory judgment claims against WFH in this District and sought to consolidate the

cases—the parties' claim construction-related efforts in this action will be largely (if not entirely) usable in the Georgia action.[1]

As Defendant notes, below, the parties are currently engaged in jurisdictional and venue discovery. WFH served its discovery upon Defendant on February 10, 2022. Although Defendant timely responded to the discovery, it has failed to produce a single document requested, indicating that it intended to begin its production on March 18. Given this delay in production, WFH reserves its right to seek an extension of the date to complete jurisdictional and venue discovery and deadlines contingent thereupon.

**Defendant Biotronik AG's position:**

Defendant Biotronik AG has filed two motions in lieu of answering the amended complaint. Biotronik AG filed a motion to dismiss for lack of personal jurisdiction (as Biotronik AG has no presence in and lacks minimum contacts to Texas), failure to state a claim, and failure to join an indispensable party. *See* Dkt. 46. Biotronik AG also filed a motion, in the alternative, to transfer venue to the Northern District of Georgia pursuant to the first-to-file doctrine and 28 U.S.C. § 1404(a). *See* Dkt. 50. Proceeding with pre-*Markman* disclosures and deadlines before resolution of these motions and before the pleadings are closed would be inappropriate, given the threshold issues to be decided. Proceeding would be inefficient and wasteful as the case may be dismissed or transferred. For these reasons, Biotronik AG proposes a schedule that

---

[1] Defendant's contentions that, e.g., WFH should have to re-serve its infringement contentions seeks to elevate form over substance. WFH served its infringement contentions, directed to Defendant's product, in June 2021—which were received by counsel for Defendant Biotronik AG. Similarly, Defendant's distributor affiliate served its invalidity contentions directed to the asserted patent in August—which were signed by counsel for Defendant. Simply put, Defendant provides no rationale why the Court should not recognize that these prior disclosures directed to the same products and the same asserted patent should expedite the progress of this case.

would follow the Court's standard schedule *after* the resolution of these motions and the pleadings are closed.[2]

The schedule proposed by Plaintiff WFH should not be adopted. WFH has caused delays in this action. WFH has now twice sued the wrong foreign entities in this Court. The proper defendant in this dispute is United States-based Biotronik, Inc. ("BINC"), which is responsible for the distribution, marketing, selling, and importing of the products Plaintiff accuses of infringing. Venue over BINC is improper in this District, and WFH has had every opportunity to litigate the issues relating to the accused products in the Northern District of Georgia, where a declaratory judgment action brought by BINC against WFH has been pending for more than a year. *See Biotronik, Inc. v. W.H. Wall Family Holdings, LLLP*, No. 1:21-cv-01124-SCJ (N.D. Ga.). WFH has sought to stall the progress of that case. *See id.* Dkt. 21, Dkt. 52, Dkt. 53. Plaintiff also refused to attempt service of the amended complaint on Biotronik AG for six months, leading to further delay.

In addition, WFH's proposed schedule is contrary to this Court's standing order for patent cases and would be materially prejudicial to Defendant Biotronik AG. *See* Appendix A, March 7, 2022 Standard Order Governing Proceedings (OGP) 4.0- Patent Cases ("Standing Order"). WFH's proposed schedule significantly expedites the standard deadlines by depriving Biotronik AG of sufficient time to investigate and respond to the allegations in this case. For example, instead of the seven weeks after the CMC (April 18, 2022) allotted by the standard

---

[2] Biotronik AG also intends to move to stay this action pending the resolution of these motions. Biotronik AG would have done so sooner but WFH declined to provide its position on this issue until one business day ago. Biotronik AG raised these issues over three weeks ago when the CRSR was filed (Dkt. 54), but WFH made no effort to suggest that the parties should enter a schedule. Only after prompting from Biotronik AG did WFH respond and indicate that the case should proceed, proposing a case schedule to Switzerland-based Biotronik AG at 5:38pm Eastern Time the last business day before a schedule was due.

order for service of Biotronik AG's invalidity contentions, Plaintiff's proposed schedule would require Biotronik AG to serve contentions *three weeks earlier* on March 28, 2022.  That is only two weeks from now.  It is impractical to prepare these typically voluminous contentions and the accompanying required disclosures in that timeframe.  There is no reason to deviate from the Court's standard deadlines.

The only reason WFH apparently has to accelerate the schedule here is that a different entity in a different jurisdiction (BINC) has filed invalidity contentions.  However, Biotronik AG and BINC are entirely separate corporate entities (Dkt. 46-1 ¶ 23), and the issues raised in this case are different than the issues in Georgia.  Biotronik AG does not operate in the United States and does not engage in any conduct or activity relevant to the potential infringement allegations (making, selling, importing etc.) within the United States.  As a result, WFH's allegations of infringement must provide some alternative theory of infringement.  But WFH has yet to serve any infringement contentions addressing the specific allegations against Biotronik AG, and WFH has not yet provided its required disclosures (*see* Standing Order).[3]  Biotronik AG also needs at least the standard time to prepare its defenses to the unique issues in this case, to develop its invalidity theories, and to comply with the mandatory patent disclosures in this matter.

---

[3]  WFH's footnote 1 misses the mark.  WFH asserts that contentions prepared by WFH before Biotronik AG had even appeared or had been served are applicable here to satisfy its obligations.  These contentions plainly fail to provide the requisite disclosures (describing only the products, but failing to identify the specific allegedly infringing acts by Biotronik AG) and could not have been served as Biotronik AG only appeared much later in the case.  *See* Dkt. 38.  These exact issues necessitated Biotronik AG's motion to dismiss, which demonstrates that Plaintiff's amended complaint fails to state a plausible infringement claim. Dkt. 46, at 10-15.  Biotronik AG's schedule proposes to remedy this in short order, but WFH's conduct just highlights the irregular procedure that WFH seeks to impose in this case.

Biotronik AG's proposal provides both parties a fair schedule for litigating the issues in this case. Adopting Biotronik AG's proposed schedule (and issuing a stay) would avoid burdening both parties with unnecessary and significantly expensive work. Plaintiff's proposed schedule should not be adopted because it is at odds with this Court's standard order governing patent cases, as well as the explicit guidance from the Federal Circuit that the case should not proceed without first resolving threshold jurisdictional and venue questions.

II. **DISPUTED PROPOSED CASE SCHEDULE**

| Plaintiff's Proposed Deadline | Defendant's Proposed Deadline | Item |
|---|---|---|
| | April 28, 2022 | Deadline for parties to complete all venue and jurisdictional discovery. |
| | May 12, 2022 | Plaintiff's deadline to file response to Defendant Biotronik AG's motion to dismiss; Plaintiff's deadline to file response to Defendant Biotronik AG's motion to transfer. |
| | May 26, 2022 | Defendant Biotronik AG's deadline to file reply in support of its motion to dismiss; Defendant Biotronik AG's deadline to file reply in support of its motion to transfer. |
| Completed | Plaintiff to serve on counsel for Biotronik AG within 7 days of the submission of this joint submission | Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| | February 28, 2022 | Patent cases shall be set for a Rule 16 Case Management Conference (CMC) in accordance with the Court's Standing Order Regarding Notice of Readiness in Patent Cases. |

| Plaintiff's Proposed Deadline | Defendant's Proposed Deadline | Item |
|---|---|---|
| March 14, 2022 | Two weeks after completion of the pleadings[4] | The Parties shall meet and confer and submit, if necessary, an agreed Amended Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry for each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| March 28, 2022 | 7 weeks after completion of the pleadings | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.<br><br>Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| April 11, 2022 | 9 weeks after completion of the pleadings | Parties exchange claim terms for construction. |
| April 25, 2022 | 11 weeks after completion of the pleadings | Parties exchange proposed claim constructions. |

---

[4] The pleadings are due to be completed on the date on which Defendant Biotronik AG's answer to Wall's amended complaint (Dkt. 19) must be filed, or the date on which Plaintiff's answer to any counterclaims Biotronik AG may assert must be filed, whichever deadline is later.

| Plaintiff's Proposed Deadline | Defendant's Proposed Deadline | Item |
|---|---|---|
| May 2, 2022 | 12 weeks after completion of the pleadings | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall also provide a summary of the witness's expected testimony including the opinions to be expressed and a general description of the basis and reasons therefore. A failure to summarize the potential expert testimony in a good faith, informative fashion may result in the exclusion of the proffered testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| May 9, 2022 | 13 weeks after completion of the pleadings | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| May 16, 2022 | 14 weeks after completion of the pleadings | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| June 6, 2022 | 17 weeks after completion of the pleadings | Plaintiff files Responsive claim construction brief. |
| June 20, 2022 | 19 weeks after completion of the pleadings | Defendant files Reply claim construction brief. |
| June 20, 2022 | 19 weeks after completion of the pleadings | Parties to jointly email the law clerks to confirm their *Markman* date. |
| July 6, 2022 | 21 weeks after completion of the pleadings | Plaintiff files a Sur-Reply claim construction brief. |
| July 11, 2022 | 3 business days after submission of sur-reply | Parties submit Joint Claim Construction Statement and email law clerks an editable copy. |

| Plaintiff's Proposed Deadline | Defendant's Proposed Deadline | Item |
|---|---|---|
| July 13, 2022 | 22 weeks after completion of the pleadings (but at least 10 days before *Markman* hearing) | Parties submit optional technical tutorials to the Court and technical adviser (if appointed). |
| July 20, 2022 | 23 weeks after completion of the pleadings | Markman Hearing (9 AM) |
| July 21, 2022 | 1 business day after *Markman* hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| August 31, 2022 | 6 weeks after *Markman* hearing | Deadline to add parties. |
| September 14, 2022 | 8 weeks after *Markman* hearing | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| November 9, 2022 | 16 weeks after *Markman* hearing | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or claims. |
| January 4, 2023 | 26 weeks after *Markman* hearing | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| February 1, 2023 | 30 weeks after *Markman* hearing | Close of Fact Discovery. |
| February 8, 2023 | 31 weeks after *Markman* hearing | Opening Expert Reports. |

| Plaintiff's Proposed Deadline | Defendant's Proposed Deadline | Item |
|---|---|---|
| March 8, 2023 | 35 weeks after *Markman* hearing | Rebuttal Expert Reports. |
| April 5, 2023 | 38 weeks after *Markman* hearing | Close of Expert Discovery. |
| April 12, 2023 | 39 weeks after *Markman* hearing | Deadline for the second of two to meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| April 19, 2023 | 40 weeks after *Markman* hearing | Dispositive motion deadline and *Daubert* motion deadline. |
| May 3, 2023 | 42 weeks after *Markman* hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| May 17, 2023 | 44 weeks after *Markman* hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| May 24, 2023 | 45 weeks after *Markman* hearing | Serve objections to rebuttal disclosures and File Motions *in limine*. |
| May 31, 2023 | 46 weeks after *Markman* hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| June 7, 2023 | 47 weeks after *Markman* hearing | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |

10

| Plaintiff's Proposed Deadline | Defendant's Proposed Deadline | Item |
|---|---|---|
| 8 weeks before trial | 8 weeks before trial | Parties to jointly email the Court's law clerk (txwdml_lawclerks_wa_judgealbright@txwd.uscourts.gov) to confirm their pretrial conference and trial dates. |
| 3 business days before Final Pretrial Conference | 3 business days before Final Pretrial Conference | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| June 21, 2023 | 49 weeks after *Markman* hearing | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| July 17, 2023 | 52 weeks after *Markman* hearing | Jury Selection/Trial. |

Dated: March 14, 2022

Respectfully submitted,

| **LOCKE LORD LLP** | **POTTER MINTON** |
|---|---|
| By:/s/ *Bryan G. Harrison*<br>Bryan G. Harrison<br>bryan.harrison@lockelord.com<br>TX State Bar No. 09112600<br>Locke Lord LLP<br>3333 Piedmont Rd, NE<br>Terminus 200, Suite 1200<br>Atlanta, GA 30318<br>(404) 870-4600—Telephone<br>(404) 806-5622—Facsimile<br><br>Counsel for Plaintiff W. H. Wall Family Holdings, LLLP | By: /s/ *Michael E. Jones*<br>Michael E. Jones<br>Texas Bar No. 10929400<br>POTTER MINTON<br>110 N College Ave.<br>500 Plaza Tower<br>Tyler, Texas 75702<br>Tel. (903) 525-2239<br>Fax (903) 531-3939<br>mikejones@potterminton.com<br><br>Scott T. Weingaertner (pro hac vice)<br>Stefan Mentzer (pro hac vice)<br>John P. Padro (pro hac vice)<br>Lauren Kuehn Pelletier (pro hac vice)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas<br>New York, New York 10020-1095<br>Tel. (212) 819-8200<br>Fax (212) 354-8113<br><br>Counsel for Defendant Biotronik AG |

**CERTIFICATE OF SERVICE**

I certify that on March 14, 2022, I filed the foregoing document electronically through the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Bryan G. Harrison*
Bryan G. Harrison
